**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001058
11-DEC-2015
08:44 AM**

NO. CAAP-14-0001058

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ANTHONY ROBERT LEOFFLER, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 13-1-0002K; CR. NO. 03-1-0221K)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Petitioner-Appellant Anthony Robert Leoffler (**Leoffler**) appeals from the Order Dismissing Petitioner's Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Order Dismissing Petition**), entered on July 18, 2014, by the Circuit Court of the Third Circuit (**Circuit Court**).[1] The Circuit Court dismissed Leoffler's November 6, 2013 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Petition**) because the Hawaii Paroling Authority (**HPA**) scheduled a new minimum-term hearing, which rendered his claims moot.

On appeal, Leoffler argues that the Circuit Court erred in dismissing his Petition without a hearing, in violation of Hawai'i Rules of Penal Procedure Rule 40(f).

---

[1]  The Honorable Elizabeth A. Strance presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Leoffler's appeal is without merit.

On January 14, 2005, after a minimum-term hearing, the HPA issued a Notice and Order Fixing Minimum Term(s) of Imprisonment, setting Leoffler's level of punishment at Level III based on the following significant factors: (1) Nature of Offense and (2) Degree of Loss to Person. The HPA fixed Leoffler's minimum prison term at eighteen years.

On November 6, 2013, Leoffler filed his Petition.[2] He asserted that the HPA arbitrarily and capriciously deviated from its own sentencing Guidelines for Establishing Minimum Terms of Imprisonment in classifying him as a Level III offender without providing a rationale; violated his due process rights by imposing a minimum term without disclosing the adverse information in its file far enough in advance of the hearing to give him a meaningful opportunity to respond; violated his rights under the Sixth Amendment by finding he had a callous or cruel state of mind, which was greater than state of mind required by the offense; and failed to announce his minimum term in his or his counsel's presence and/or hold the minimum-term hearing publicly. Leoffler asked the Circuit Court to vacate, set aside, or correct the Judgment.

On April 14, 2014, after the parties stipulated to two extensions of time to answer the Petition, the State filed its Answer. The State asserted that, after Leoffler filed the Petition, the HPA agreed to grant him a new minimum-term hearing. The State attached a Declaration of the HPA administrator, who stated that the HPA agreed to grant Leoffler a new minimum-term hearing in light of this court's memorandum opinion in St. Clair v. State, CAAP-11-0000359, 2013 WL 6762256 (App. Dec. 20, 2013)

---

[2] Leoffler filed the Petition in the Circuit Court of the First Circuit, and it was transferred to the Circuit Court of the Third Circuit.

(Mem). The State also moved to dismiss the Petition without a hearing because the issues raised therein were moot.

The HPA held a new minimum-term hearing on June 25, 2014, and on July 2, 2014, issued a Notice and Order of Fixing Minimum Term(s) of Imprisonment. The HPA again fixed Leoffler's minimum term at eighteen years and set his level of punishment at Level III. However, this time, the HPA based the level of punishment on the following significant factors: (1) Nature of Offense, (2) Character and Attitude of Offender with Respect to Criminal Activity or Lifestyle, and (3) Efforts Made to Live Pro-Social Life Prior to Commitment to Prison.

On July 18, 2014, citing to Coulter v. State, 116 Hawai'i 181, 172 P.3d 493 (2007), the Circuit Court issued the Order Dismissing Petition on the ground that the HPA's scheduling of a new minimum-term hearing rendered the issues raised in the Petition moot.

We conclude that the Circuit Court did not err in dismissing the Petition. The HPA's granting of Leoffler's request for a new minimum-term hearing rendered his claims moot without exception. See Lathrop v. Sakatani, 111 Hawai'i 307, 312, 141 P.3d 480, 485 (2006).

Therefore, the Circuit Court's July 18, 2014 Order Dismissing Petition is affirmed.

DATED: Honolulu, Hawai'i, December 11, 2015.

On the briefs:

Anthony Robert Leoffler,
on the opening brief,
Petitioner-Appellant Pro Se
Jeffrey A. Hawk,
on the reply brief,
(Law Offices of Hawk Sing
 & Ignacio)
for Petitioner-Appellant

Richard W. Stacey
Diane K. Taira
Deputy Attorneys General
State of Hawai'i
for Respondent-Appellee

Presiding Judge

Associate Judge

Associate Judge